ADAM R. F. GUSTAFSON
Principal Deputy Assistant Attorney General
GUSS GUARINO, Trial Attorney
guss.guarino@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Tribal Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (303) 229-7256 (Guarino)
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER WAKALIUK, JAMES WORDEN, MARK MILLER, NADIA TUKAYA and ALL PERSONS UNKNOWN OCCUPYING ALASKA NATIVE ALLOTMENT NO. 975/A-53761, <br><br> Defendants. | Case No. 3:26-cv-258-HRH |

**UNITED STATES' COMPLAINT:**
**TRESPASS AND EJECTMENT**

**INTRODUCTION**

Plaintiff United States of America, by authority of the Attorney General of

the United States and at the request of the United States Department of the Interior

*United States v. Wakaliuk, et al.* (2026-CV-00xxx) 1

("United States"), acting on its own behalf and as trustee for individual Native Alaskan landowners owning an undivided interest in a real property that is restricted from alienation ("Allottees"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action with two distinct causes of action, Trespass and Ejectment, and is brought pursuant to the federal common law of trespass and ejectment to remedy the Defendants' intentional and unauthorized occupancy and use of allotted lands lying within the State of Alaska over which the United States holds federal authority, supervision, and restrictions against alienation for the benefit of the Allottees.

2. Since at least September 23, 2019, Defendants have unlawfully occupied approximately 10 to 40 acres of land within a 156-acre allotment owned by the Allottees without Defendants having permission to do so, without paying of rent, or without complying with terms of any known lease or securing required written approval by the Secretary of the Interior ("Secretary"). Over the course of years, Defendants have been repeatedly informed regarding their trespass and have been instructed to cease, desist, and vacate. Defendants steadfastly refuse to vacate and in fact persistently maintain and expand their enclosure and encampment on the real property.

*United States v. Wakaliuk, et al.* (2026-CV-00xxx)                    2

3. By their persistent, unlawful, and ongoing occupancy, Defendants have caused damage to the real property that is the subject of this action and unlawfully deprived the Allottees of their right to occupy and use the land.

4. The United States seeks all just and proper remedies against Defendants jointly and severally, including, but not limited to, the following: declaratory relief; ejectment; fair-market rental value damages for the period of unlawful occupancy and use of the property; restoration / remediation damages for all injury, degradation, and deforestation to the real property; pre-judgment interest; post-judgment interest; and all costs associated with this action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of and parties to this action pursuant to 28 U.S.C. §§ 1331, 1345, and 2201–2202.

6. Venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b), because the subject property is located in the District, all of the acts alleged occurred in the District, and Defendants reside (by trespass) on the affected real property in the District.

## PARTIES AND LAND AT ISSUE

7. Within Alaska lies a one-hundred-and-fifty-six-acre Native allotment that was originally issued in 1967 to an Alaska Native Jimmy Stephan ("Stephan

*United States v. Wakaliuk, et al.* (2026-CV-00xxx)     3

Allotment"). Ex. A – 1967 Allotment Patent. As an Alaska Native allotment from the public domain, the real property of the allotment was patented to the allottee and subject to restrictions on alienation held by the United States.  As such, the Stephan Allotment is considered a "restricted fee allotment" and any transfer of any component of the allotment or interests held in the allotment must be pre-approved by the Secretary of the Interior. Today, undivided ownership interests in the Stephan Allotment are held by several individuals and by no Defendant.

8.      The real property that is the focus of this action is centered on approximately 10 to 40 acres within the Stephan Allotment, which is located in Lots 3 and 4, East ½ of the Southwest ¼ of Section 7, Township 17 North, Range 2 West of the Seward Meridian, Alaska. Hereafter, the real property in question will be referred to simply as the "Subject Property." Ex. B – Aerial Photo with Visual Area of Occupation Outlined.

9.      From the image captured in Ex. B, it is apparent that through their occupation of the Subject Property, and over time, Defendants have caused or allowed their personal property or the property of others to occupy real property within the Subject Property.

10. Plaintiff is the sovereign United States of America suing in its capacity as trustee for the Allottees of the Subject Property pursuant to the United States' trust responsibility.

11. This action is against all persons who at any time since January 1, 2019, and for any period of time unlawfully occupied the Subject Property and through the date of this Complaint this action is against all natural persons in occupation whether their identities are known or unknown.

12. Defendants, whether their identities are known or unknown, have worked in concert to unlawfully occupy the Subject Property to the exclusion of allotees and the United States.

13. Defendant Christopher Wakaliuk was identified as being in unlawful occupation of the Subject Property in 2019 and is reasonably believed to be in continuing occupation on the Subject Property and responsible for other additional persons occupying the Subject Property.

14. Defendant James Worden was identified as being in unlawful occupation of the Subject Property in 2024 and is reasonably believed to be in continuing occupation on the Subject Property and responsible for other additional persons occupying the Subject Property.

15. Defendant Mark Miller was identified as being in unlawful occupation of the Subject Property in 2024 and is reasonably believed to be in continuing occupation on the Subject Property and responsible for other additional persons occupying the Subject Property.

16. Defendant Nadia Tukaya was identified as being in unlawful occupation of the Subject Property in 2024 and is reasonably believed to be in continuing occupation on the Subject Property and responsible for other additional persons occupying the Subject Property.

17. Observations identify the current presence of Unknown Defendant(s) in occupation of the Subject Property. These additional Unknown Defendants are anticipated to be found occupying and residing on the Subject Property as of the date of initiation for this action pursuant to the Federal Rules of Civil Procedure and they too are reasonably believed to be responsible for other additional persons to unlawfully occupy the Subject Property. Unknown Defendants will be identified as of the date of service of this Complaint.

18. To the extent that the Defendants (known and unknown) are liable to the United States for their past unlawful occupation connected to the Subject Property, they are together jointly and severally liable.

19. Through their past, continuous, and coordinated actions, whether taken individually or jointly, Defendants continue to occupy and control the Subject Property and refuse to relinquish it.

## GENERAL ALLEGATIONS

20. Unlawful occupation of the Subject Property by Defendants began in 2019, has continued unabated since, and has grown substantially to its present state today.

21. Before unlawful occupation of the Subject Property by Defendants began, the Subject Property was posted by the Allottees with "No Trespassing" signs. Those signs were removed by Defendants sometime in 2019 and, on information and belief, Defendants posted their own "No Trespassing" signs.

22. On September 23, 2019, Defendant Wakaliuk was found occupying the Subject Property and handed a "Notice of Trespass and Request to Vacate" the Subject Property. At the time, several additional Unknown Defendants appeared to be occupying the Subject Property. Defendant Wakaliuk and Unknown Defendants took no action in response to the notice provided and, on belief, continues to occupy the Subject Property.

23. On December 23, 2024, Defendants Worden, Miller, and Tukaya were found occupying the Subject Property and provided "Notices to Quit" the Subject

*United States v. Wakaliuk, et al.* (2026-CV-00xxx)                                    7

Property. At the time, several additional Unknown Defendants appeared to be occupying the Subject Property. Defendants Worden, Miller, and Nadia Tukaya and Unknown Defendants took no subsequent action in response to the notices provided and, on belief, Defendants continue to occupy the Subject Property.

24. The unlawful occupation of the Subject Property appears today in a similar manner, appearance, and extent to how it appeared in 2023 as illustrated by Ex. B (image taken 2023).

25. Throughout their unlawful occupancy of the Subject Property, Defendants constructed an encampment or compound within which they have resided. The encampment or compound consisted of constructed buildings/shelters as well as numerous vehicles, a bus, boats, and various debris all moved onto the Subject Property from elsewhere.

26. Throughout Defendants' unlawful occupancy, unlawful activities have occurred on the Subject Property, including trees unlawfully cut and unauthorized roads and trails constructed. These activities have damaged/degraded the Subject Property.

27. Since 2019 Defendants have excluded all others, including Allotees from the Subject Property, and no other party but Defendants have occupied the Subject Property without Defendants' permission.

*United States v. Wakaliuk, et al.* (2026-CV-00xxx) 8

28. Defendants have never held or now hold any written lease or permit authorizing their occupancy of the Subject Property.

29. The United States is informed and believes, and on that basis alleges, Defendants' occupation of the Subject Property has been unlawful since its beginning, has been unlawful since then, is unlawful today, and will be unlawful in the future until this Court ejects Defendants from the Subject Property.

## A. Legal Basis for Claims against Defendants

30. The federal common law of trespass "generally comports with the Restatement of Torts," *United States v. Milner*, 583 F.3d 1174, 1182 (9th Cir. 2009), under which trespass is defined as "the intentional use of the property of another without authorization and without privilege," *United States v. Imperial Irr. Dist.*, 799 F. Supp. 1052, 1059 (S.D. Cal. 1992). Further, "[T]he intent required is simply an intent to be on the land." *Id.*, (citation omitted).

31. Under federal common law, remedies for trespass include declaratory relief, damages, and ejectment. *See United States v. Pend Oreille Pub. Util. Dist. No. 1*, 28 F.3d 1544, 1549 n.8 (9th Cir. 1994); *United States v. Torlaw Realty, Inc.*, 483 F. Supp. 2d 967, 973 (C.D. Cal. 2007), *aff'd*, 348 F. App'x 213 (9th Cir. 2009). As stated by the United States Supreme Court, "[t]hat an action of ejectment

could be maintained on an Indian right to occupancy and use, is not open to question." *Marsh v. Brooks*, 49 U.S. 223, 232 (1850).

32. Additionally, trespass on restricted fee allotments has been recognized per federal regulation: "If an individual or entity takes possession of, or uses, Indian land without a lease and a lease is required, the unauthorized possession or use is a trespass. We may take action to recover possession, including eviction, on behalf of the Indian landowners and pursue any additional remedies available under applicable law. The Indian landowners may pursue any available remedies under applicable law." 25 C.F.R. § 162.023 (2013).

**B. Defendants Are Currently Trespassing**

33. Since September 23, 2019, the date Defendant Wakaliuk was handed a "Notice of Trespass and Request to Vacate" the Subject Property, Defendants have been in unlawful possession of the Subject Property. Defendants have not vacated the Subject Property and instead Defendants have only expanded their unlawful possession of the Subject Property.

34. Since September 23, 2019, Defendants have continued to occupy and use the Subject Property and have done so without permission, lease, or permit.

35. Defendants' continuing use and occupancy of the Subject Property since September 23, 2019, has been and remains unlawful and constitutes trespass under federal common law and any governing statutes and regulations.

36. Defendants' occupancy and use of the Subject Property extend to wherever within the Subject Property they use and/or occupy. This use and occupancy are unlawful and constitutes trespass under federal common law and any governing statutes and regulations.

## FIRST CAUSE OF ACTION

### (Trespass)

37. The United States realleges each of the preceding paragraphs as if fully set forth herein.

38. Trespass is a wrong against the right of possession of or entry to real property. 75 Am. Jur. 2d *Trespass* § 1. It is the wrongful interference with the right to the exclusive use and benefit of real property. *Id.*

39. Since at least September 23, 2019, and without authorization, lease, permit, or right, Defendants have continuously and willfully occupied and used the Subject Property. Despite being notified of their unlawful occupancy, Defendants have not vacated the Subject Property.

40. Today, the Defendants do not have lawful possessory interest in the Subject Property.

41. As a result of Defendants' unauthorized and unlawful occupation and use of the Subject Property, Defendants have committed and are now committing continuing willful trespasses on the Subject Property.

42. As a direct and proximate result of Defendants' continuing and willful trespass, Defendants have damaged and continue to damage the Subject Property, and they will continue to do so unless and until the trespass is remedied.

## SECOND CAUSE OF ACTION

### (Ejectment)

43. The United States realleges each of the preceding paragraphs as if fully set forth herein.

44. Similar to an action for trespass, an action for ejectment under common law is a determination of which party holds legal title to real property between a party in possession and a party out of possession. 25 Am. Jur. 2d *Ejectment* § 1. Ejectment is also the legal remedy for a successful action for trespass. *Id.*

45. Here, Defendants are in possession of the Subject Property and only the Allottees hold legal title to the Subject Property. The Subject Property has been

a restricted fee allotment since 1967 and such restriction is expressly held by the United States. *See* Ex. A – 1967 Allotment Patent.

46.     Since September 23, 2019, Defendants have occupied, used, and been in possession of the Subject Property unlawfully and without permission, lease, or permit.

47.     Because of Defendants' unlawful occupation, use, and possession of the Subject Property, the Allottees are not in occupation or possession of or able to use the Subject Property.

48.     Defendants' continuing occupation, use, and possession of the Subject Property is unlawful and contrary to the United States' responsibility, to prevent any conveyance of any interest in the Subject Property, and Defendants have damaged and continue to damage the Subject Property, and Defendants will continue to do so unless and until they, and their personal property, are ejected from the Subject Property.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court provide the following relief:

a.     Declare pursuant to 28 U.S.C. §§ 2201, 2202 that Defendants' willful, unauthorized, and continuing occupation and use of the Subject

Property, without the approval of the United States and the Allottees, constitutes a continuing trespass;

b. Eject all identified Defendants from the Subject Property;

c. Enter a judgment for monetary damages caused by Defendants' willful, unauthorized, and continuing occupancy, use, and disturbance of the Subject Property accruing over the six years and ninety days prior to the date of filing and continuing through entry of judgment, including, without limitation, the fair-rental value of the property, administrative costs, and the costs and expenses of restoring and remediating any and all damage and degradation to the Subject Property;

d. Enter a judgment for pre- and post-judgment interest on all damages awarded from the date of filing of this Complaint until the Judgment is paid in full;

e. Order any and all equipment, personal property, buildings, and other materials placed thereon by Defendants removed from the Subject Property, and Order the abatement of any damage caused to the Subject Property necessary to restore the Subject Property to its pre-occupancy condition, or, in the alternative, authorize the United States to undertake

*United States v. Wakaliuk, et al.* (2026-CV-00xxx)                                        14

these tasks, with all costs and expenses incurred by the United States to be paid by Defendants;

f.  Award the United States all costs in this action to the maximum extent permissible; and

g.  Grant such other and further relief as the Court deems just and proper.

DATED:  1st day of July, 2026

Respectfully submitted,

ADAM R. F. GUSTAFSON
Principle Deputy Assistant Attorney General

By:  /s/ *Guss Guarino*
GUSS GUARINO
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Tribal Resources Section

OF COUNSEL

Steve Scordino
Attorney Advisor
United States Department of the Interior
Office of the Solicitor, Anchorage Alaska

Melissa Thaisz
Attorney Advisor
United States Department of the Interior
Office of the Solicitor, Anchorage Alaska

*United States v. Wakaliuk, et al.* (2026-CV-00xxx)                    15